**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLEGIANCE CROSSROADS, LP | § | CASE NO. 09-32802-bjh-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

**AGREED MOTION FOR VACATION OF ORDER AND REQUEST FOR
HEARING ON APPLICATION TO EMPLOY REAL ESTATE AND
TRANSACTIONAL COUNSEL FOR LIMITED PURPOSE**

COMES NOW BB Syndication Services, Inc. ("**BBSSI**") and Debtor Allegiance Crossroads, LP ("**Debtor**") and files this their Agreed Motion for Vacation of Order and Request for Hearing on Application to Employ Real Estate and Transactional Counsel for Limited Purpose (the "**Agreed Motion**") and would respectfully show this Court as follows:

**FACTUAL BACKGROUND AND RELIEF REQUESTED**

1. Debtor Allegiance Crossroads, LP ("**Debtor**") filed for bankruptcy protection on May 4, 2009 (the "**Petition Date**"), and filed its Application to Employ Real Estate and Transactional Counsel for Limited Purpose (the "**Application**") on June 22, 2009, at Docket No. 33. The Application states Debtor seeks to employ Angella W. Gregory as special real estate and transactional counsel "…for the purposes of. . . the sale or ground lease of the Debtor's property, and negotiations and documentation of investment in and for refinancing of that property." *See* Application, at p. 2, ¶ 5. At the same time it filed its Application, Debtor also uploaded a proposed order to this Court that, when signed, would serve to grant the Application (the "**Proposed Order**").

2. After a review of the Application, BBSSI filed its Objection thereto (the "**Objection**") on July 1, 2009 at Docket No. 38.

3. Notwithstanding the filing of the Objection, this Court approved the Application and signed the Proposed Order on July 2, 2009, at Docket 39 (the "**Order**"), pursuant to its authority to grant the same on an *ex parte* basis under local bankruptcy rule 9003.1. However, upon information and belief, this Court may have been unaware of the Objection at the time that the Order was signed, and may not have taken the same into account when signing the Order.

4. After discussions regarding the same, counsel for BBSSI and counsel for Debtor agreed that in light of the timely filing of the Objection, that it would be equitable for the Court to: (i) vacate the Order, pursuant to its equitable powers found under Section 105 of the Bankruptcy Code, and elsewhere, and (ii) set a hearing on the relief requested by Debtor in the Application.

WHEREFORE, PREMISES CONSIDERED, BBSSI and Debtor respectfully request that this Court (i) grant the Agreed Motion, (ii) vacate the Order, (iii) set a hearing on the relief requested in the Application, and (iv) grant BBSSI and Debtor any further relief to which they may be justly entitled.

Respectfully submitted this 7th day of July, 2009,

*/s/ Michael S. Held*
Michael S. Held
State Bar No. 09388150
Steven T. Holmes
State Bar No. 00794918
Cameron W. Kinvig
State Bar No. 24055780
**Hunton & Williams LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 468-3569
Telecopy: (214) 740-7130

**ATTORNEY FOR BB SYNDICATION SERVICES, INC.**

and

/s/Marc W. Taubenfeld
Marc W. Taubenfeld
State Bar No. 19679800
David L. Woods
State Bar No. 24004167
**McGuire, Craddock & Strother, P.C.**
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone:  (214) 954-6800
Telecopy:   (214) 954-6850

**ATTORNEYS FOR DEBTOR AND
DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 7th day of July, 2009, a true and correct copy of the foregoing Agreed Motion was served by the Court's ECF system on the parties receiving notice electronically.

/s/ Michael S. Held
Michael S. Held